

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Sir:                    Opinion No. 0-3696

                             Re:  Can a penal offense be
                                  created out of an apparent
                                  exception to other offenses?

        Your request for an opinion of this department on
the above stated matter has been carefully considered.

        You state that you are informed that contraceptives
are being offered for sale on the streets and in other public
places of your city by persons not registered pharmacists nor
pretending to be physicians, and request our opinion as to
whether such conduct is condemned by the Penal Code of this
State.  From your letter we quote the following:

        "Please note that Art. 740, P. C., as
    amended by Acts 1939, 46th Leg., p. 352, Sec.
    9, provides in part:

        "'This law shall be so construed as to
    apply to persons other than registered phar-
    macists of this State not pretending to be
    physicians who offer for sale on the streets
    or other public places contraceptives, pro-
    phylactics or remedies which they recommend
    for the cure of disease.'

        "You will please note that this article
    is found in Title 12, Chapter 6, the latter
    relating to the regulation of the practice
    of medicine.  All of the articles of this

Honorable H. D. Stringer, Page 2

Chapter relate to a regulation of the practice of medicine. There is nothing in this chapter which prohibits the sale of contraceptives and makes it a penal offense unless the above quoted portion of Art. 740, P. C. has that effect. You will note that Art. 740, P. C. sets out certain exceptions to the offenses connected with the practice of medicine.

"The question posed as I see it is whether a penal offense can be created out of an apparent exception to other offenses. I cannot see that the sale of a contraceptive device under any circumstances would be in effect the practice of medicine."

Article 740, Penal Code, as amended, is as follows:

"Nothing in this Chapter shall be so construed as to discriminate against any particular school or system of medical practice, nor to affect or limit in any way the application or use of the principles, tenets, or teachings of any church in the ministration to the sick or suffering by prayer, without the use of any drug or material remedy, provided sanitary and quarantine laws and regulations are complied with; and provided further, that all those so ministering or offering to minister to the sick or suffering by prayer shall refrain from maintaining offices, except for the purpose of exercising the principles, tenets, or teachings of the Church of which they are bona fide members. The provisions of this Chapter do not apply to dentists, duly qualified and registered under the laws of this State, who confine their practice strictly to dentistry; nor to duly licensed optometrists, who confine their practice strictly to optometry as defined by statute; nor to nurses, who practice nursing only; nor to duly licensed chiropodists, who confine their practice strictly to chiropody as defined by statute; nor to masseurs

in their particular sphere of labor; nor to commissioned or contract surgeons of the United States Army, Navy, or Public Health and Marine Hospital Service, in the performance of their duties, and not engaged in private practice; nor to legally qualified physicians of other States called in consultation, but who have no office in Texas, and appoint no place in this State for seeing, examining, or treating patients. This law shall be so construed as to apply to persons other than registered pharmacists of this State not pretending to be physicians who offer for sale on the streets or other public places contraceptives, prophylactics or remedies which they recommend for the cure of disease. As amended Acts 1939, 46th Leg., p. 352, § 9." (Underscoring ours)

We cannot agree with you that the underlined portion of this article is an exception, although it comes at the end of a rather long list of exceptions, the whole being codified in Vernon's Annotated Penal Code as "exceptions." Instead, it seems to us to be an inclusion, a further definition of "practicing medicine," in addition to those set out in Article 741, Penal Code.

But a serious question arises as to whether said sentence is too vague and indefinite to define a penal offense, so as to meet the requirements of Articles 1 and 6 of the Penal Code of 1925. This question appears to us so close that we think it improper for us to pass on it, without a pronouncement of the Court of Criminal Appeals.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. R. Allen

APPROVED OCT 10, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

W. R. Allen
Assistant

WRA:RS


APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN